**KANSAS CITY SOUTHERN RY. CO., Appellant, v. Leonard JONES, Administrator, Appellee.    (No. 3122.) ***

(Court of Civil Appeals of Texas. Texarkana. June 24, 1926. Further Rehearing Denied Oct. 7, 1926.)

Appeal from District Court, Bowie County; Hugh Carney, Judge.

On motion for rehearing.

For former opinion, see 282 S. W. 309.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Keeney & Dalby, of Texarkana, and Jones, Sexton & Jones, of Marshall, for appellee.

LEVY, J. After an extended reconsideration of the record, it is believed by a majority of this court that the original disposition of this case·on appeal should be adhered to, as all the circumstances unite in reasonably indicating that the cause of the deceased being struck and killed by the oncoming engine was as stated in that opinion. The record is far more in harmony with the inference that at the time the deceased was struck by the oncoming train he was sitting or squatting dangerously.near the main line track, with his face towards the cars he had been inspecting, than that the deceased came out suddenly from between the cars on the passing track and unexpectedly collided with the moving engine on the main line at some moment of its passing. Had the deceased done the latter thing, the wounds on his body would necessarily have been of a different character and upon different parts of the body, and his body would not have been projected,.as done, some distance in the direction the train was moving.

It is true that the engineer and· fireman testified that they were keeping a lookout, and did not see Mr. Ferguson or any other man on or near the main line track in going through the yards. Yet the physical facts show that the deceased must have been on or very near the main line track ·at the time of the passing of the engine; otherwise, he would not have been struck and killed by the engine. The

blood spots on the pilot beam and the right step, in connection with the injuries on the body of the deceased and the fact that his body was projected forward some distance in the direction of the moving train, all speak for themselves. The more reasonable conclusion is that the operatives of the engine failed to observe the deceased.

The order of affirmance is set aside, and the judgment, as before determined, is reversed, and the cause is remanded for trial.

WILLSON, C. J. (dissenting). As I understand the case, the jury had a right to find from the testimony that the trainmen violated an established practice when they failed to ring the bell of the locomotive as the train approached the place where the accident occurred. So finding, I think the jury might properly have found, further, that the deceased had a right to rely and did rely upon an observance of the practice· on the occasion of the accident, and, having found that, to find, as they did, that deceased was not guilty of contributory negligence as charged against him. I think the proper disposition of the appeal was made when the judgment of the court below was affirmed, and respectfully dissent from the conclusion reached by the majority of the members of this court that said judgment should be reversed.